UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CODY HELMERS,

         Plaintiff,

         v.                                 Case No. 25-1053-JWB-BGS

PHILLIP B. JOURNEY and JULIA A. LETH
PEREZ,

         Defendants.

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Cody Helmers filed this action pro se[1]. In conjunction with his federal court complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3. After review of Plaintiff's complaint, however, the Court **recommends** to the District Court that Plaintiff's claims against Defendants be **dismissed** for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction.

### I.    Standard of Review for IFP Complaints

When a Plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding in forma pauperis, a court has a duty to

---

[1]Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte. See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.

2007).  In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested.  Fed. R. Civ. P. 8(a).

Because the court will liberally construe the pleadings of a pro se plaintiff, the court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  The court cannot, however, become an advocate for the pro se plaintiff.  *Id.*

A pro se plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action."  *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is

entitled to relief).

The Court's relaxed scrutiny of the pro se plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A pro se plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.    Plaintiff's Claims and Factual Allegations

Plaintiff's complaint is mostly unintelligible and hard to follow. The complaint is 58 pages and contains 58 exhibits, which totals to 266 pages. The factual allegations are not clear. The complaint contains a variety of federal and state statutes, constitutional amendments, case law, and sporadic facts. It is organized in a way that is difficult to follow and has no narrative flow which enables to the Court to understand what is at issue.

From what the Court can gather, the Defendants are Judge Phillip Journey and Julia Leth-Perez. Both are sued in their personal and official capacity. Judge Journey is a family law judge serving in the Eighteenth Judicial District. Julia Leth-Perez is an attorney who represented an individual, Jade Finch, in family law proceedings. After reviewing the attached exhibits and prior state court orders, it appears Ms. Finch is the mother of his son. There have been ongoing child custody and paternity proceedings between Mr. Helmers and Ms. Finch.

Plaintiff is upset with prior orders Judge Journey entered in the state court proceeding. He also takes issue with how Defendant Leth-Perez has represented Ms. Finch. The complaint airs out a multitude of grievances he has with the prior state court proceedings to include alleged lies told by Defendant Leth-Perez and alleged falsification of the record by Judge Journey. Plaintiff alleges that

the state court suppressed evidence, forced psychiatric assessments, and fabricated claims against him. The exact details of what transpired during these proceedings are hard to decipher, but it is clear Plaintiff is very upset with how it unfolded. Somehow law enforcement became involved, and he was detained during certain proceedings. It also appears he no longer has custody of his son for reasons that are not entirely clear. Plaintiff alleges that his son was effectively kidnapped by law enforcement, and he was subjected to involuntary servitude.

Plaintiff states that his constitutional rights have been violated and asserts a claim under 42 U.S.C. § 1983. He also attempts to assert claims under several criminal statues against the Defendants. He also makes a list of "demands" which include indemnification and damages, full restoration of his parental rights, criminal indictment of Judge Journey, a federal investigation, reversal of all orders in his state court proceeding, banning the use of PFAs as strategic legal weapons, judicial review of judges operating in state courts, permanent disqualification of Judge Journey from judicial service, immediate return of his son, and reform of the family court system.

Plaintiff's complaint fails to state a claim upon which relief can be granted and the Court lacks subject-matter jurisdiction. For the reasons stated below, the undersigned **recommends** that Plaintiff's claims be **dismissed**.

## III.    Analysis

The Court has several concerns regarding Plaintiff's complaint. First, the complaint does not contain a short and plain statement regarding the factual allegations and the claims asserted. Second, the Plaintiff attempts to assert several criminal statutes as causes of action. Third, Plaintiff fails to state a cognizable cause of action. And fourth, to the extent Plaintiff seeks for this court to review or intervene in his state court proceedings, the Court either lacks jurisdiction or should refrain from exercising jurisdiction over the action. The Court will briefly address each issue in turn.

### A.  Rule 8 Concerns

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe*, 38 F.App'x at 515. Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).

Plaintiff has chosen not to use the District of Kansas form complaint for pro se litigants, but instead has drafted his own. *See* Doc. 1. Plaintiff's complaint presents a stream of consciousness approach with an incoherent factual narrative. The complaint is nearly incomprehensible to where the Court is unable to identify the exact nature of his claims and the underlying factual allegations. Additionally, Plaintiff cites to a variety of legal authorities, including federal statutes, various cases, and legal ethics rules. Although the Complaint contains offhanded references to these legal authorities, he does not attempt to tie these authorities into any cause of action or any mention how they apply to the case.

In determining whether a complaint satisfies Rule 8(a)(2), "'[t]he law recognizes a significant difference between notice pleading and 'shotgun' pleading.'" *Cantley v. Jacobson Holdings, Inc.*, No. 2071-EFM-BGS, 2024 WL 2321083, *2 (D. Kan. May 22, 2024) (quoting *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989)). A shotgun pleading "is a type of pleading that contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors." *Electronic Payment Sys., LLC v. Electronic Payment Sols. of Am. Inc.*, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018) (citations and quotations omitted). In effect, "[t]he shotgun pleader foists off one of the pleading lawyer's critical tasks – sifting a mountain of facts down to a handful of those that are relevant to a given claim – onto the reader." *Id.* (citation and quotations omitted). Courts in this Circuit have unequivocally held that that "shotgun pleadings" are impermissible.

*Cantley*, 2024 WL 2321083, at *2 (citing *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015); *Glenn*, 868 F.2d at 371; *Orchestrate HR, Inc. v. Blue Cross Blue Shield Kan.*, 2021 WL 1238254, at *3 (D. Kan. Apr. 2, 2021)).

In *Glenn v. First National Bank in Grand Junction*, the plaintiffs' factual allegations were limited to several introductory paragraphs followed by a RICO claim that failed to reference any specific factual allegations. 868 F.2d 368. The Tenth Circuit affirmed the District Court's finding that the complaint was a shotgun pleading. *Id.*, at 371. The *Glenn* decision specifically approved the District Court Judge's ruling that that "he was not going to do [plaintiffs'] work for them to connect assertions with elements of all sections of the RICO law." *Id.* In *Hart*, the court affirmed that it was appropriate for a District Court to refuse to "search through" the plaintiff's factual allegations "and attempt to match the factual assertions with the elements of all subsections of the [claim] to determine if the complaint states a claim for relief." 605 F. App'x at 701 (citation and quotations omitted). The *Hart* opinion also held that defendants are not "required to 'piece' together the plaintiffs' complaint." *Id.* (further citation and quotations omitted).

In the present case, Plaintiff's Complaint does exactly what is prohibited by the Tenth Circuit's interpretation of Rule 8(a). Virtually all of Plaintiffs' 58-page Complaint consists of scattershot factual allegations regarding the Defendants. *See generally* Doc. 1. The same is true for the vast majority of the 208 pages of "Exhibits" attached to the Complaint. Plaintiffs' Complaint only vaguely references causes of action such as referring to the Fifth, Fourteenth, and Thirteenth Amendments and 42 U.S.C. § 1983. However, he fails to list the elements of each cause of action and does not indicate which facts support each cause of action. "As it stands, the task of determining which facts support which counts falls wholly to the Court," which is clearly improper. *Cantley*, 2024 WL 2321083, at *2. Simply stated, Plaintiffs must describe, in a succinct and understandable way, who did what to whom, when such alleged acts or omissions occurred, and

how those actions or omissions violated the identified statutes or constitutional rights.

As this District has previously held, "'[j]udges are not like pigs, hunting for truffles buried in briefs' – or pleadings, for that matter." *Id.* (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). "By structuring their Complaint so as to shift the burden of piecing together the facts and the claims onto the Court and Defendants, Plaintiffs violate the basic requirement of Rule 8(a)(2)." *Id.* Plaintiff is required to present his causes of action – and the facts supporting each cause of action – in a way that is comprehensible. Plaintiff must list each cause of action individually, enumerate the elements of each cause of action, and provide facts to support each element of that cause of action. *See* Fed. R. Civ. P. 8(a). Neither the Court nor the named Defendants will be "required to 'piece' together" Plaintiffs' claims and supporting factual allegations going forward. *Hart*, 605 F. App'x at 701.

The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **dismissed** for failure to comply with Rule 8(a).

### B. Plaintiff's Cited Criminal Statutes

Plaintiff cites several federal criminal statutes which do not create private causes of action for a private citizen. The U.S. Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 2485, 61 L. Ed. 2d 82 (1979). In other words, criminal statutes do not provide a private right of action and are unenforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076-77 (10th Cir. 2007) (affirming dismissal of plaintiff's lawsuit alleging violations of various criminal statutes). *See also Escalante v. Escalante*, No. 22-CV-2485-TC-TJJ, 2023 WL 395971, at *2 (D. Kan. Jan. 25, 2023).

In this case, Plaintiff's complaint makes references to 18 U.S.C. § 241, 242, 666, 1001, 1341, and 1961. These generally relate to criminal fraud, conspiracy against rights, mail fraud, bribery, and RICO violations.[2] Federal criminal statutes are not enforceable through a civil action and the undersigned **recommends** dismissal of the same.

### C. 1983 Claim against Defendant Leth-Perez

The Plaintiff makes several references to 42 U.S.C. § 1983 for various constitutional violations. The violations he identifies are the Fifth, Thirteenth, and Fourteenth Amendments. However, he fails to explain in any way how those constitutional amendments are applicable or have been violated. Plaintiff does not specify which Defendant allegedly violated § 1983. To the extent he asserts this claim against Defendant Leth-Perez, whether in her official or personal capacity, neither claim is viable.

To make a claim against a person in their individual capacity under 42 U.S.C. § 1983, a plaintiff must allege "that [the] person has deprived him of a federally protected right and [ ] the person who has deprived him of that right acted under the color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law." *David v. City & Cnty. Of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996). It is the Plaintiff's burden to demonstrate a nexus between the Defendant's conduct and the Defendant's badge of state authority.

---

[2] The RICO Act is a federal criminal statute which targets criminal activity and racketeering and creates enhanced punishment for the same. Under some circumstances, there may be a civil cause of action under RICO. *See* 18 U.S.C. § 1964(c). RICO vests a private citizen with substantive rights to avoid injury to "his business or property" caused by a pattern of racketeering activity, and it explicitly creates a federal cause of action to vindicate those federal rights. *Id.* However, a plaintiff must prove that (1) a defendant violated the RICO statute, (2) that plaintiff's business or property were injured, and (3) that the defendant's violation caused the injury. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). It is clear that Plaintiff is not alleging harm to a business but is upset with the actions of a judge and an attorney during a state court proceeding. Therefore, the court does not construe Plaintiff's single offhanded reference to the RICO statute as an attempt to assert a civil RICO claim.

*Id.* Courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Complaint contains very little information about Defendant Leth-Perez, but suggests she is a private attorney retained on behalf of an individual in the underlying state court proceedings. Plaintiff does not allege that Defendant Leth-Perez is a state actor and makes no attempt to explain what happened, how she committed constitutional violations or how the conduct rises to actionable conduct. Because Leth-Perez is not a state actor and there are no allegations to suggest otherwise, the claims must be dismissed. *See Gorenc v. Proverbs*, 462 F. Supp. 3d 1137, 1143 (D. Kan. 2020) (stating that a § 1983 claim against someone in their personal capacity can only be brought against a state actor or someone vested with state authority); *see also Brooks v. Kobach*, No. 25-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025) ("For § 1983 purposes, a state official is the state itself when sued in his or her official capacity.").

Accordingly, the Court **recommends** dismissal of Plaintiff § 1983 claim against Defendant Leth-Perez for failing to state a claim upon which relief can be granted.

### D.  Judicial Immunity

Plaintiff also brings claims against Judge Journey, including a claim under § 1983 in his official and personal capacity. As it pertains to the claims against Judge Journey in his personal capacity, those are barred by absolute judicial immunity. "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir.1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978)). *See also Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) (recognizing that judicial immunity applies only to personal capacity claims). Plaintiff makes no allegations that Judge Journey either acted non-judicially or in the clear absence of all jurisdiction. Instead, Plaintiff's allegations relate to orders Judge Journey entered or actions he undertook in his

capacity as a judge. While the factual allegations are unclear, it is apparent the complained of conduct is associated with the judicial process. Accordingly, the claims against him in his personal capacity should be dismissed.

Regarding the claims seeking money damages against him in his official capacity, they are barred by the Eleventh Amendment. Because Judge Journey is a state official, the official capacity claims against him for money damages constitute actions against the State of Kansas and are barred by the Eleventh Amendment. *Sigg v. Dist. Ct. of Allen Cnty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012). Further, Plaintiff seeks no prospective injunctive relief against Judge Journey and alleges no facts showing Kansas has waived its sovereign immunity. *See Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L. Ed. 2d 371 (1985) ("[T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law). Therefore, Plaintiff's official capacity claims against Judge Journey should be dismissed.

Accordingly, the undersigned also **recommends** dismissal of the claims against Judge Journey for the above stated reasons.

### E. State Court Proceedings

Most of Plaintiff's claims relate to his state court proceedings that are referenced in his complaint. It is not clear whether a final judgment was entered in the state court proceedings. In the event a final judgment was entered, his claims would be barred by the *Rooker-Feldman* doctrine. If the proceedings are on-going, then they would be barred by *Younger* abstention.

#### 1. *Rooker-Feldman* Doctrine

If a final judgment has been entered in the state court proceeding, then Plaintiff's claims should be dismissed pursuant to the *Rooker-Feldman* doctrine. A federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims

decided by a state court.  *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996)

(explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).  Plaintiff requests the

disqualification of Judge Journey from judicial service, reversal of all orders entered in the state court

case, and the banning of protective orders which were presumably entered against him during the

proceedings.  He also requests an immediate return of his son.

Plaintiff is essentially requesting the Court to overturn his state court action.  He requests

the Court to restore parental rights and overturn orders entered in the state court proceeding.  All of

these claims are intertwined with his state court case and the Court does not have jurisdiction to

review those decisions.  Plaintiff's pleading fails to establish subject matter jurisdiction pursuant to

the *Rooker-Feldman* doctrine.

## 2. *Younger* Abstention

In the alternative, if the state court proceedings are on-going, the Court should abstain from

exercising jurisdiction pursuant to the *Younger* abstention doctrine.  *Younger* abstention is warranted

when three conditions are satisfied:

> First, there must be ongoing state criminal, civil, or administrative proceedings.
> Second, the state court must offer an adequate forum to hear the federal plaintiff's
> claims from the federal lawsuit.  Third, the state proceeding must involve important
> state interests, matters which traditionally look to state law for their resolution or
> implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  Once these requirements have been met,

"*Younger* abstention dictates that federal courts not interfere."  *Amanatullah v. Colo. Bd. of Med.*

*Exam'rs,* 187 F.3d 1160, 1163 (10th Cir.1999).

The claims in Plaintiff's lawsuit arise from child custody and parental rights proceedings in

state court.  The case has been litigated for at least several years.  The state court proceeding is an

adequate forum to litigate his claims raised in this lawsuit.  Moreover, the state proceedings involve

important state interests related to family law and there are no extraordinary circumstances that would allow a federal court to intervene in that action.  *See, e.g.*, *Snyder v. Fourth Jud. Dist. of Utah*, No. 4:24-cv-00002-DN-PK, 2024 WL 264284, at \*2 (D. Utah Jan. 24, 2024) (applying *Younger* abstention to family law matters being litigated in state court proceeding).  Therefore, to the extent the state court proceedings are on-going, this court is required to apply *Younger* abstention and dismiss the lawsuit.

Accordingly, the undersigned **recommends** to the District Judge that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, or in the alternative, the undersigned **recommends** that the claims be **dismissed** pursuant to the *Younger* abstention doctrine.

## IV.     Conclusion

For the reasons explained above, the Magistrate Judge **recommends** that the District Judge **dismiss** Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a claim upon which relief may be granted and does not establish subject-matter jurisdiction**.**

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated May 1, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge