IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CODY HELMERS,

      Plaintiff,

v.   Case No. 25-1053-JWB

PHILLIP B. JOURNEY and JULIA LETH-PEREZ,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for recusal (Doc. 21) and objection (Doc. 15) to Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") (Doc. 8) recommending dismissal of this action. After review, the court DENIES the motion for recusal, ADOPTS the R&R, and dismisses this action.

**I.   Facts and Procedural History**

On March 31, 2025, Plaintiff filed a civil rights complaint against Sedgwick County Judge Phillip Journey and Julia Leth-Perez. The complaint is 58 pages long and has 58 exhibits. In total, Plaintiff's filing is 266 pages long. In sum, Plaintiff complains of state court proceedings involving the custody of his child. Plaintiff brings suit against the state court judge and Ms. Leth-Perez, opposing counsel in the state court proceedings. After a review of Kansas state court records, the proceeding at issue was filed in the Eighteenth Judicial District in February 2021. *Finch v. Helmers*, Case No. 2021-DM-725. (*See* Doc. 1-6.) According to the state court docket, the action began as a petition to determine paternity and judgment was entered in May 2023. Other filings have occurred since then and the last filing was docketed on August 22, 2024.

Plaintiff's complaint cites to various federal and state statutes, including criminal statutes, and case citations. The complaint is very difficult to follow but Plaintiff apparently believes that Judge Journey has suppressed evidence, forced a psychiatric assessment, and fabricated claims against him while presiding over the state court proceedings. Plaintiff contends that Judge Journey took such actions to fund his court. (Doc. 1 at 26.) Plaintiff also asserts that Leth-Perez and Journey conspired to kidnap his child.

Plaintiff's complaint requests that this court require documentation proving "the lawful existence of a family law court in Kansas," "documentation proving that this court has lawful, non-commercial authority to enforce statutory jurisdiction absent a valid contractual agreement," and a "sworn statement under penalty of perjury from Judge Phillip B. Journey confirming that his court [] is not operating under Title IV-D financial incentives and that he has not personally benefitted from the financial schemes attached to his rulings." (Doc. 1 at 2.) Plaintiff then states that if this court fails to provide this documentation within 10 days, it is an omission. Plaintiff further states that if this "court refuses to prove its own lawful delegation of authority," than any action against him constitutes fraud, a deprivation of his rights, conspiracy, and mail fraud. (*Id.* at 3.) Plaintiff's "final demands" include damages, restoration of his parental rights, criminal indictment of Judge Journey, a federal investigation into fraud, disqualification of Judge Journey from judicial service, immediate return of his child, reformation of the family court system, and banning the use of protective orders. (*Id.* at 54.)

Magistrate Judge Severson screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and entered an R&R recommending dismissal for lack of subject matter jurisdiction and failure to state a claim. Magistrate Judge Severson held that this court lacked subject matter jurisdiction under *Rooker-Feldman* because the relief requested required this court to set aside the

state court judgment and other rulings in that action. Magistrate Judge Severson further held that the complaint violated Rule 8, Judge Journey was immune from the claims against him, and that the complaint failed to state a claim against Ms. Leth-Perez. Plaintiff filed an objection to the R&R. Plaintiff's objection is difficult to follow. Plaintiff asserts that Magistrate Judge Severson lacks authority to issue the R&R. Plaintiff further asserts that he has "presented sworn and unrebutted testimony regarding the unlawful removal, concealment, and trafficking of his offspring." (Doc. 15 at 4.) Plaintiff makes no attempt to address the lack of subject matter jurisdiction.

## II. Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . . .'").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Analysis

### A. Motion for Recusal

Plaintiff filed a notice asserting that there are potential conflicts in this matter involving the clerk of court and the undersigned. (Doc. 21.) Given Plaintiff's pro se status, the court construes this notice as a motion to recuse. With respect to the clerk of court, Skyler O'Hara, Plaintiff asserts that there may be a conflict because he believes the clerk might be related to attorneys at the law firm of O'Hara and O'Hara because they share the same last name. According to Plaintiff, this is a conflict because Defendant Leth-Perez is an attorney at that firm. Plaintiff also suggests that this would be a fraud upon the court if there is a familial relationship between the clerk and members of Ms. Leth-Perez's law firm. Plaintiff's objection to the clerk of court is completely frivolous. There is no basis for the court to find a conflict necessitating some sort of action (such as transferring the matter to another district) regardless of whether the clerk is related to attorneys practicing at a local law firm. The clerk of court has no role in deciding this case. Her conflicts (if she had any) have no bearing on the propriety of the undersigned judge deciding this case.

Plaintiff also asserts that the undersigned has a conflict due to an attorney from Hinkle Law Firm LLC, the undersigned's prior law firm, being involved in the state court proceedings. This attorney is not named as a Defendant in this action. A judge must disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." *Donahue v. Kansas Bd. of Educ.*, No. 18-2012-CM, 2018 WL 9372471, at *1 (D. Kan. Feb. 7, 2018) (quoting 28 U.S.C. § 455). Plaintiff contends that the undersigned has violated Canon 2 of the Code of Conduct for United States Judges by continuing to preside over this matter due to his prior employment with Hinkle Law. Plaintiff fails to cite to any provision of the Code that would be applicable here. The undersigned has been on the bench for more than seven years. Therefore, even if an attorney from Hinkle Law entered an appearance in this matter, it would not

require recusal under the Code of Conduct. Moreover, the Hinkle attorney identified by Plaintiff as the source of this alleged conflict, Megan Monsour, did not join Hinkle Law until well after the undersigned left the firm due to his appointment to the bench; indeed, the undersigned has no familiarity with Ms. Monsour and does not believe he has ever met her. Finally, the events at issue in this matter occurred after the undersigned left private practice. Therefore, recusal would not be required on the basis that the undersigned would have knowledge of this matter because the time periods did not overlap.

Plaintiff's motion for recusal is denied as there are no circumstances in this case that would support a finding that the undersigned's impartiality might reasonably be questioned. Further, there is no basis to conclude that the undersigned has a personal bias or prejudice concerning a party.

### B. Objection

Plaintiff objects to the R&R on the basis that Magistrate Judge Severson lacked authority to issue the R&R. Magistrate judges have authority to issue reports and recommendations to the district court on dispositive matters. 28 U.S.C. § 636. Plaintiff's objection lacks merit.

Magistrate Judge Severson found that this matter should be dismissed for lack of subject matter jurisdiction on the basis that this action is barred by the *Rooker-Feldman* doctrine. Plaintiff's objection fails to make any specific objection to this ruling. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court

wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (internal citations and quotations omitted).

Here, Plaintiff is claiming injury from state court rulings in the child custody proceedings and is asking the court for damages based on actions taken in the state court. He also asks the court to restore his parental rights, reverse orders entered in the state court, return the child to his custody, remove the state court judge, and enter other injunctive relief. A review of the state court record shows that Plaintiff filed various affidavits and motions making accusations against the state court judge during those proceedings. Plaintiff's claims in this case all stem from the state court orders and judgment. The requested relief effectively asks the court to review and reject that judgment. Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003) (finding that the court had no jurisdiction to review proceedings involving the plaintiff's divorce and child support obligations); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019). The "federal district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in the United States Supreme Court.'" *Jackson,* 81 F. App'x at 285–86 (quoting *Johnson v. Rodrigues*, 226 F.3d 1103, 1108 (10th Cir. 2000)).

Therefore, the court finds that it lacks subject matter jurisdiction over this matter.

Alternatively, Plaintiff's claim against Judge Journey is subject to dismissal because he is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349,

6

357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356–57 (citation omitted). Plaintiff alleges that Judge Journey is not immune from suit here because he was biased and hired an attorney. (Doc. 1 at 10.) Plaintiff's assertions on these issues are conclusory and fail to assert facts that would show that Judge Journey was acting in the absence of jurisdiction. It is clear from the record that all of the actions taken by Judge Journey were in his capacity as a state court judge presiding over the child custody proceedings. Therefore, based on the allegations and the court records, Judge Journey issued rulings in a case in which he had jurisdiction. Such actions are within the scope of Judge Journey's judicial duties.

With respect to Defendant Leth-Perez, Plaintiff has failed to sufficiently allege a claim under federal law. Section 1983 is a statute that provides a "remedy for constitutional violations committed by state officials." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Defendant Leth-Perez is not a state actor. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983.") Further, Plaintiff's claim that Ms. Leth-Perez conspired with Judge Journey is entirely conclusory and cannot state a claim under § 1983. *Id.*

Therefore, this claim is subject to dismissal.

IV.   **Conclusion**

Plaintiff's motion for recusal (Doc. 21) is DENIED. For the reasons stated in Magistrate Judge Severson's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to establish subject matter jurisdiction. Plaintiff's complaint is dismissed without prejudice.

Magistrate Judge Severson's R&R (Doc. 8) is hereby ADOPTED and this matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 19th day of May, 2025.

                                                         \_\_s/ John W. Broomes_____
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE